# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION 1:13-CR-00090-02** |
| **VERSUS** | **CHIEF JUDGE DRELL** |
| **DONTOUR D. DRAKES** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Defendant filed a § 2255 motion (Doc. 413) and a motion for evidentiary hearing (Doc. 414). It is recommended that Defendant's § 2255 motion (Doc. 413) be denied and dismissed with prejudice, and his motion for an evidentiary hearing (Doc. 414) be denied as moot.

## I.    Background

Before the Court is a motion to vacate, set aside, or correct sentence filed pursuant to 42 U.S.C. § 2255 by pro se petitioner Dontour D. Drakes ("Drakes") (Doc. 413), and a Motion for Evidentiary Hearing (Doc. 414). Drakes is contesting his convictions, entered pursuant to guilty pleas in the United States District Court for the Western District of Louisiana, Alexandria Division, on one count of conspiracy to distribute cocaine and one count of possession of a firearm in furtherance of drug trafficking. Drakes was sentenced to a total of 168 months imprisonment. Drakes is presently confined in the United States Penitentiary in Pollock, Louisiana.

The sole issue raised by Drakes in his § 2255 motion is whether he had ineffective assistance of counsel due to his counsel's failure to preserve Drakes's right to appeal (Doc. 413).

This motion is before the undersigned for initial review. <u>See</u> 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts ("If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.").

## II. <u>Law and Analysis</u>

### A. <u>Rule 8(a) Resolution</u>

This Court is able to resolve the merits of this § 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the application. <u>See</u> <u>U.S. v. Green</u>, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

### B. <u>The law of § 2255 actions generally.</u>

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to

impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." See 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. See Cates, 952 F.2d at 151; see also U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Drakes did not appeal his conviction and sentence. Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. See U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); see also U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995).

A collateral challenge may not do service for an appeal. After conviction, exhaustion, and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. See U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. See U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. See U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

## C.  Drakes's § 2255 motion is untimely.

Drakes contends that, after he was sentenced, he specifically told his attorney that he wanted to appeal. Drakes attached a copy of a letter he purportedly wrote to his attorney on February 3, 2014, which references the conversation they had about an appeal and Drakes's decision to file an appeal (Doc. 413-2).  Drakes reiterated in his letter that he wanted to file an appeal (Doc. 413-2).  Drakes attached a second letter, dated January 16, 2016, in which he accused his attorney of failing to respond to the several letters he had sent him, asking about his appeal, and asking again that he let Drakes know what was going on with his appeal.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of counsel.  The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right.  See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (citing Evitts v. Lucey, 469 U.S. 387, 394 (1985); Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998)).

The Supreme Court has stated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  Roe v. Flores–Ortega, 528 U.S. 470, 476–77 (2000). And "[w]hen counsel fails to file a requested appeal, a defendant is entitled to ... an appeal without showing that his appeal would likely have merit." Rodriguez v. United

States, 395 U.S. 327, 329-30 (1999).[1]  In other words, "[w]hen a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel." Gant v. United States, 627 F.3d 677, 681 (7th Cir. 2010); see also Dowell v. United States, 694 F.3d 898 (7th Cir. 2012).  When a petitioner claims his counsel's deficient performance led to the forfeiture of his appeal, prejudice must be presumed.  See id. at 471.

However, the Court cannot consider the merits of Drakes' ineffective assistance of counsel claim because his § 2255 motion is untimely.

Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Drakes was convicted on October 31, 2013 (Doc. 256) and was sentenced on January 30, 2014 (Doc. 291).  Drakes did not appeal, so his conviction and sentence

---

[1] The petitioner does not have to specify the points he would raise were his right to appeal reinstated. Rodriquez v. United States, 395 U.S. 327, 330 (1969).

became final on February 13, 2014.  <u>See</u> Fed. R. App. P. rule 4(b)(1)(A).  Drakes did not file his § 2255 motion until March 30, 2017 (Doc. 413).

Drakes has not alleged any government-created impediments to bringing his motion, nor has he asserted a newly recognized and retroactively applicable right or that the facts supporting his claims were only discoverable within the last year. Instead, Drakes alleges, essentially, that his attorney failed to file his appeal after imposition of sentence, and admits his attorney never responded to his many requests for information concerning his appeal.  Apparently Drakes never checked with the Court of Appeals before his time limit for filing a § 2255 motion had lapsed.

To the extent Drakes contends his attorney caused him to file his § 2255 motion late, it is noted that an attorney's alleged ineffective assistance of counsel cannot toll the running of the statute of limitations for the filing of a § 2255 motion.  Ineffective assistance of counsel is irrelevant to the tolling decision.  <u>See</u> <u>United States v. Riggs</u>, 314 F.3d 796, 799 (5th Cir. 2002), cert. den., 539 U.S. 952 (2003).  "Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."  <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir. 2002), cert. den., 539 U.S. 918 (2003).  Therefore, equitable tolling is inapplicable to Drakes's claim.

Since 37 months passed between the time the Drakes was sentenced and the filing of this motion, consideration of Drakes's § 2255 motion is barred under the one-year limitation period set forth above.  Therefore, Drakes's § 2255 motion should be dismissed with prejudice.

III.    Conclusion

Based on the foregoing, IT IS RECOMMENDED that Drakes's § 2255 motion to vacate, set aside, or correct sentence (Doc. 413) be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Drakes's motion for an evidentiary hearing (Doc. 414) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b) (1) (C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking  either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c) (2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __28th__ day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge